In the Matter of EDWARD ROSEN, Respondent, against MAURICE FINKELSTEIN et al., Constituting the Temporary City Housing Rent Commission, Appellants.— In a proceeding under article 78 of the Civil Practice Act, to review the determination of the temporary city housing rent commission, New York City, order directing the issuance of a certificate of eviction reversed on the law, without costs, the determination of appellants annulled, and the respondent's

application remitted to appellants to pass on the question of respondent's compelling necessity for the premises. It has been correctly held at Special Term that the amount of the cash payment made by respondent and his co-owners satisfies the 20% minimum requirement of Local Law No. 66 of 1947, as amended. At any rate that question does not arise if all the owners join in the application. It does not appear from the papers on appeal that the commission considered the issue of compelling necessity, and it appears from the answering affidavit that the denial of respondent's application was not on that ground. Carswell, Acting P. J., Adel, Sneed and Wenzel, JJ., concur; Nolan, J., concurs in the reversal but dissents as to the remission of the matter to appellants and votes to dismiss, with the following memorandum: In my opinion respondent failed to meet the requirement of the statute which directs the issuance of a certificate of eviction to the purchaser of an interest in a building or structure containing an apartment or apartments, but provides further that such certificate may be issued only if such purchaser shall have paid to the seller, in cash, at least 20% of the purchase price, or of the assessed value of the land and building, whichever shall be greater. Respondent's interest is that of a tenant in common and, as such, his title and ownership are entirely distinct and separate from that of his cotenants. He does not seek exclusive possession, with the consent of his cotenants, nor is there to be a joint use and occupation. Under such circumstances, he is required to qualify by payment of at least 20% of the purchase price, or of the assessed value, and such payment must be actually independent of any payment made by his cotenants.