There was substantial proof before the commission to warrant the finding that petitioner created the hardship which he invoked as a basis for the issuance of a certificate of eviction. The commission’s denial of the application was a proper exercise of its discretion which the courts may not disturb. (Matter of Engel v. Finkelstein, 275 App. Div. 779, and cases cited therein.) The commission will facilitate a more understanding review and also promote greater uniformity of decision, if it will make more detailed the findings of fact upon which it bases its determination. Nolan, P. J., Carswell and Sneed, JJ., concur; Wenzel, J., dissents and votes to affirm, with the following memorandum: It here appears that the petitioner was a married man with two children, living with his wife in a furnished room since his discharge from the armed services in 1947. Under such exigency, he was obliged to have his younger child live with his parents, while the older, a thirteen-year-old daughter, attended a boarding school. In order to secure adequate living quarters for his family, he undertook the purchase, with his father, of a two-family house. Ad interim the petitioner’s parents were dispossessed and the petitioner permitted them to occupy a vacant apartment in the purchased home. He now seeks the *838 other apartment for the use of his immediate family. To this point the facts are conceded. The hearing officer found that the petitioner had a compelling necessity and that his parents had been evicted, but held that there was a lack of good faith in that in permitting his parents to occupy the vacant apartment instead of using it himself, his hardship was self-created. It is contended by the petitioner that his father is a joint owner of the premises, having contributed. $1,500 toward the purchase price, and that the title to the property was taken in his name in order to facilitate the granting of a Gr. I. mortgage and at the suggestion of the lending institution. A week after taking title, it was reconveyed to petitioner and his father. I find nothing in the usual sketchy record coming to this court to cast doubt upon the petitioner’s version of the transaction and the bona fides of his claim, nor to support the conclusion of the hearing officer that the money paid by the father constituted merely a loan. I find no suggestion of a second mortgage, notes or even a receipt, as to the father at the time of the closing. The appellant’s contention that the father could not have qualified under the 20% requirement of the City Emergency Rent Laws (Local Law No. 12 of 1948) has not been sustained by this court. The purchasers were both under compelling necessity. Between them they paid in excess of 20% of the purchase price ($2,500-$10,000). (See Matter of Rosen v. Finkelstein, 274 App. Div. 895.) Under the particular circumstances in this case, I do not see how the good faith of the petitioner can be doubted, and the order of Special Term should be affirmed. Adel, J., concurs with Wenzel, J.